IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MISTY HAWKINS, individually and on behalf of other similarly situated employees and former employees of Defendants,<br>　　Plaintiff,<br><br>vs.<br><br>FOX CORPORATE HOUSING, LLC and TANYA LEACH,<br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>CIVIL ACTION NO. _____<br>JURY DEMANDED |

# COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Plaintiff, Misty Hawkins, filing this her *Complaint*, complaining of Defendants, Fox Corporate Housing, LLC and Tanya Leach (collectively "Defendants"), and for cause of action would respectfully show the following:

## I. PARTIES

1.1.　Plaintiff, *Misty Hawkins* ("Hawkins" or "Plaintiff"), is an individual residing in Harris County, Texas, who files this lawsuit on her behalf and on behalf of other similarly situated current and former employees of Defendants who may opt-in this lawsuit.

1.2.　Defendant, *Fox Corporate Housing, LLC* ("FCH"), is a Texas domestic limited liability company with its principal place of business in The Woodlands, Montgomery County, Texas. FCH may be served with summons by serving its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

1.3.     Defendant, *Tanya Leach* ("Leach"), is an individual believed to be residing in Montgomery County, Texas, and who may be served with summons at her place of business located at 21 Waterway Avenue, Suite 300, The Woodlands, Texas 77380, or wherever she may be found in the state of Texas.

## II. COLLECTIVE ACTION

2.1.     Hawkins files this complaint on her own behalf and on behalf of other similarly situated employees and former employees of Defendants pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA"). Specifically, Hawkins files this complaint on her behalf and on behalf of other account executives and those performing the same or similar job duties ("the Class") at any time from April 8, 2016, to the present ("the Relevant Time Period").

## III. VENUE

3.1.     Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district, and one or more defendant has their principal place of business in this division and judicial district.

## IV. JURISDICTION

4.1.     This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction (28 U.S.C. § 1331). Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. §§ 201-19, as amended.

## V. STATEMENT OF CAUSES OF ACTION

5.1.     FCH was an "employer" of Hawkins within the meaning of 29 U.S.C. § 203(d) during the Relevant Time Period.

5.2.     FCH paid Hawkins during the Relevant Time Period.

5.3. Leach acted directly or indirectly in the interest of FCH in relation to Hawkins during the Relevant Time Period.

5.4. FCH was an "enterprise" as that term is defined in the FLSA, 29 U.S.C § 203(r), during the Relevant Time Period.

5.5. During the Relevant Time Period, FCH was an enterprise engaged in commerce or in the production of goods for commerce as those terms are used in 29 U.S.C. § 203(s).

5.6. During the Relevant Time Period while working at FCH, Hawkins was engaged in commerce or in the production of goods for commerce.

5.7. During the Relevant Time Period while working at FCH, Hawkins handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce.

5.8. Leach is the CEO of FCH.

5.9. Leach had the authority to hire and fire Hawkins during the Relevant Time Period.

5.10. Leach was responsible for setting Hawkins's rate of pay during the Relevant Time Period.

5.11. FCH is in the real estate business.

5.12. FCH provides short-term, fully-furnished, rental properties throughout the country.

5.13. FCH provides its services primarily, though not exclusively, to businesses rather than to individual consumers.

5.14. In August 2017, FCH hired Hawkins as a Senior Account Executive.

5.15. As a Senior Account Executive, Hawkins worked in the FCH office pursuing leads and finding housing for customers.

5.16.   Hawkins was an employee of Defendants during the Relevant Time Period for the purposes of the FLSA.

5.17.   During the Relevant Time Period, Hawkins regularly worked more than forty hours per week.

5.18.   Hawkins was not paid one and one-half times her regular hourly rate for every hour she worked in excess of forty in a workweek during the Relevant Time Period.

5.19.   Defendants owe Hawkins unpaid wages for unpaid overtime under the FLSA for work she performed in excess of forty in a workweek during the Relevant Time Period.

## VI. VIOLATION OF THE FLSA

6.1.   Hawkins incorporates the factual allegations recited above and would show that Defendants are liable to her for overtime compensation under the FLSA.

6.2.   FCH had a statutory obligation to pay Hawkins at a rate of one and one-half times her regular rate of pay for all hours she worked in excess of forty in a given workweek. Hawkins worked for FCH in excess of forty hours a workweek during the Relevant Time Period. FCH did not pay Hawkins for overtime at the rate of one and one-half times her regular rate of pay for overtime hours she worked during the entirety of the Relevant Time Period.

6.3.   Leach is liable as an employer for Hawkins's unpaid overtime.

6.4.   At all relevant times, Hawkins performed primarily non-exempt employment duties to the extent necessary to be classified as a non-exempt employee under the FLSA.

6.5.   Hawkins seeks, and is entitled to, a recovery of liquidated damages on her claims under the FLSA.

6.6. There is no reasonable basis for Defendants to believe Hawkins was exempt under the FLSA or that Defendants' pay practices were permitted by the FLSA. Defendants did not act in good faith in failing to pay Hawkins in accordance with the requirements of the FLSA.

6.7. Defendants' violations of the FLSA were willful. Defendants knew or showed reckless disregard for whether their conduct was illegal.

## VII. ATTORNEY'S FEES

7.1. Hawkins incorporates the factual allegations recited above. Defendants' refusal to abide by their statutory obligations to Hawkins has made it necessary for Hawkins to employ the undersigned attorneys to file this lawsuit. As such, Hawkins requests the Court to award reasonable attorneys' fees pursuant to the FLSA, for her attorneys' services rendered and to be rendered herein, at the trial court and the court of appeals, and the Supreme Court, if necessary, as well as expenses and court costs. Should members of the Class join this lawsuit and retain the undersigned, such fees, expenses, and court costs are sought for work performed on their behalf as well.

## VIII. SECTION 216(b) COLLECTIVE ACTION

8.1. Hawkins incorporates the factual allegations recited above. Hawkins files this complaint on her own behalf and on behalf of the Class during the Relevant Time Period pursuant to Section 216(b) of the FLSA, who were not paid overtime as required by the FLSA.

8.2. It was FCH's policy and/or practice to not pay account executives one and one-half times overtime pay for hours they worked in excess of forty hours per workweek.

8.3. It was FCH's policy and/or practice to not pay those performing the same or similar job duties as account executives one and one-half times overtime pay for hours they worked in excess of forty hours per workweek.

8.4. It was FCH's policy and/or practice to not pay Hawkins and the other putative plaintiffs for hours they worked in excess of forty hours per workweek at one and one-half times their regular hourly rate.

8.5. Therefore, there are other similarly situated employees and former employees of FCH who are owed wages under the FLSA for work they performed during their employment with FCH.

8.6. Defendants' violations of the FLSA were willful. Defendants knew or showed reckless disregard for whether their conduct was illegal.

8.7. There is no reasonable basis for Defendants to believe their practices were permitted by the FLSA. Defendants did not act in good faith in failing to pay in accordance with the requirements of the FLSA.

8.8. The putative plaintiffs are owed wages, liquidated damages, and attorneys' fees, for the same reasons as Hawkins. The putative plaintiffs should be notified and given the opportunity to join this lawsuit pursuant to Section 216(b) of the FLSA and Hawkins requests such notice be issued.

### IX. JURY DEMAND

9.1. Hawkins demands a jury on all issues to be tried in this matter.

## PRAYER

WHEREFORE, Plaintiff Misty Hawkins prays that Defendants, Fox Corporate Housing, LLC and Tanya Leach, be summoned to appear; that notice be issued to other non-exempt employees and former employees of FCH; and that on final trial of this matter, Plaintiff be granted relief as follows:

(a) Judgment declaring that the acts and practices of Defendants described herein violate the FLSA, as amended;

(b) Judgment declaring that the acts and practices of Defendants described herein constitute a willful violation of the FLSA, as amended;

(c) Judgment directing Defendants to pay Plaintiff and other plaintiffs who may opt-in this litigation for actual and liquidated damages for violations of the FLSA, as amended;

(d) Costs of suit and reasonable attorneys' fees;

(e) Prejudgment and post-judgment interest as provided by law; and

(f) Such other and further relief, in law and in equity, to which Plaintiff and such other plaintiffs may be justly entitled.

Respectfully submitted,

JACKSON WALKER LLP

**/S/ G. SCOTT FIDDLER**
_____

G. SCOTT FIDDLER
*Attorney-in-Charge*
Texas State Bar No. 06957750
Federal ID No. 12508
sfiddler@jw.com
HARRIS J. HUGUENARD
*Of Counsel*
Texas State Bar No. 24099615
Federal ID No. 3007223
hhuguenard@jw.com
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Tel.:   713-752-4217
Fax:   713-754-6717

ATTORNEYS FOR PLAINTIFF
MISTY HAWKINS